# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Protect PT, Brian Reisz, and     :
Carole Reisz,         :
      Appellants    :
            :
     v.        :
            :
Township of Penn,      :
Board of Commissioners of the  :
Township of Penn, and    :  No. 1560 C.D. 2024
Apex Energy (PA), LLC    :  Argued: November 6, 2025

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: December 10, 2025

    Protect PT, Brian Reisz, and Carole Reisz (collectively, Appellants) appeal from the Westmoreland County Common Pleas Court's (trial court) October 23, 2024 order affirming the Penn Township Board of Commissioners' (Commissioners) decision that approved Apex Energy (PA), LLC's (Apex) revised land development agreement between Penn Township and Apex (Agreement) codified at Resolution 88-2023. Essentially, Appellants present one issue for this Court's review: whether the Commissioners erred as a matter of law and abused their discretion in approving the Agreement when (1) the approval for special exception had expired under Section 190-907 of the Penn Township Zoning Ordinance (Zoning Ordinance);[1] and (2) Apex's preliminary plan approval had expired and

---

[1] Penn Township Zoning Ordinance § 190-907 (1993). *See* Reproduced Record at 222a. Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . .

Apex did not seek or receive final plan approval in the appropriate time frame.[2]  After review, this Court affirms.

In late 2015, Apex submitted an application for special exception to the Penn Township Zoning Hearing Board (ZHB), wherein Apex sought approval to build an unconventional natural gas well pad, Draftina Central Pad-31 (Draftina well pad), in Penn Township.  On May 12, 2016, the ZHB denied the special exception application.  On June 20, 2016, the Commissioners denied Apex's related application for preliminary land development.  Apex appealed from those decisions to the Westmoreland County Common Pleas Court (Common Pleas)[3] and, on July 6, 2016, Apex filed a lawsuit against Penn Township, the Commissioners, and the ZHB (collectively, defendants) in the United States District Court for the Western District of Pennsylvania at Case No. 16-cv-759.  Therein, Apex alleged that the defendants violated Apex's rights under the United States (U.S.) Constitution.  Apex also included several state law claims.

On December 16, 2016, the U.S. District Court for the Western District of Pennsylvania entered a consent order (Consent Order) that incorporated a stipulation that the parties had entered into (Stipulation).  The Stipulation provided, in pertinent part:

> Under the Consent [Order], [Penn] **Township shall issue the special exception permits for** the Beattie Central Pad-37, **the Draftina** [**well pad**,] and the White Central Pad-30 based on Apex's Applications and the record

in Arabic figures . . . followed in the reproduced record by a small a, thus 1a, 2a, 3a, *etc.*, and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b, *etc.*"  Pa.R.A.P. 2173.  Appellants did not number the pages of their Reproduced Record by following the page numbers with a small a.  Appellants' Reproduced Record page numbers referenced herein reflect the page number followed by a small a.

[2] In their "Statement of the Issues," Appellants present 17 issues for this Court's review that are all variations of the issue as stated by this Court.  Appellants' Br. at 4.

[3] This Court defines the Westmoreland County Common Pleas Court as Common Pleas at this juncture to differentiate it from the trial court that ruled herein.

developed at the ZHB as supplemented by the terms of [p]aragraph 3 of the Stipulation **as well as the preliminary land development plan** approved for the Beattie Central Pad-37, **the Draftina** [**well pad**,] and the White Central Pad-30. [**Penn**] **Township will issue all required permits**, **approvals**, **authorizations**[,] **and licenses necessary to construct**, **establish**, **develop**, **drill**, **complete**, **turn-to-sales**, **and operate the unconventional wells at** the Beattie, White, **Draftina** [**well pad**], Drakulic, Deutsch, Numis[,] and Backus - 12 - well pads . . . **including** but not limited to all preliminary or **final land development plan approvals**[,] **provided that the plans meet the objective criteria of** [**Penn**] **Township**[**'s**] **existing Subdivision and Land Development Ordinance** [**(SALDO)**] **and the Stormwater Ordinance**, associated well pads, roadway access and occupancy permits, on-site operating facilities, pipelines, seismic testing, access roads, temporary sewer and trailer permits. [Penn] Township's approvals will issue regardless of the status of any third-party permits related to such facilities, pipelines, testing or permits. [**Penn**] **Township will consent**, as part of the proposed settlement, **to issue such permit**, **approvals**[,] **and other authorizations upon receipt of written request by Apex**[,] provided that such request will include industry standard information demonstrating Apex's good faith compliance with [Penn] Township['s] requirements for supporting documentation, as required. Apex will execute any necessary complementary agreements with Penn Township[,] such as roadway maintenance agreements, bonds[,] or insurance.

Reproduced Record (R.R.) at 15a-16a (emphasis added). On February 15, 2017, the Commissioners passed Resolution 24-2017 in accordance with the Consent Order, approving the preliminary site plan for the Draftina well pad and granting the special exception approval per Section 190-811 of the Penn Township Zoning Ordinance.[4] Land use final site plan approval was contingent on compliance with the conditions set forth in Resolution 24-2017, and development sat dormant for a number of years.

---

[4] Penn Township Zoning Ordinance § 190-811 (1993) ("Powers and duties; special exceptions"). R.R. at 212a.

3

On December 5, 2023, Penn Township and Apex entered into the Agreement. *See* R.R. at 27a-29a. On December 20, 2023, the Commissioners held a meeting and approved the Agreement that resulted in the passage of Resolution 88-2023. Appellants timely appealed from the Commissioners' issuance of Resolution 88-2023 to the trial court. On February 15, 2024, Apex intervened. On October 23, 2024, the trial court affirmed the Commissioners' decision that approved the Agreement. Appellants appealed to this Court.[5]

Appellants argue that Section 190-907 of the Zoning Ordinance provides that a special exception approval shall expire without written notice to the applicant if construction of the proposed use is not initiated or diligently pursued within 24 months after receipt of the special exception approval. Appellants contend that because Apex did not initiate or diligently pursue construction of the Draftina well pad within 24 months of its 2017 special exception approval, Apex's special exception approval expired as a matter of law and Penn Township erred by voting on any further approvals for the Draftina well pad without a valid underlying special exception approval in place.

Apex rejoins that the Commissioners approved the Agreement pursuant to the Consent Order. Apex further retorts that the land development plan was also issued under the Consent Order and did not expire as a matter of law. Apex asserts that the Consent Order clearly and unambiguously required Penn Township to issue all approvals, permits, authorizations, etc., in order for the Draftina well pad to be constructed subject to the conditions to which Apex agreed. Apex maintains that the Agreement was one of the authorizations required under the Consent Order.

---

[5] "In a land use appeal, where the trial court has not taken any additional evidence, this Court's . . . review is limited to a determination of whether the governing body has committed an error of law or abused its discretion." *PC Land LLC v. Bd. of Comm'rs of Bethlehem Twp.*, 320 A.3d 804, 810 n.7 (Pa. Cmwlth. 2024).

4

Initially, Section 190-907 of the Zoning Ordinance, entitled "Zoning permit," instructs:

> Applications for zoning approval for . . . uses by special exception where specified, shall be referred by the [z]oning [o]fficer to the appropriate approving agencies. The [z]oning [o]fficer shall not issue a permit for development of any . . . use by special exception where specified, until the approval has been granted by the [] Commissioners or [the ZHB], whichever is applicable. Any permits issued shall be subject to all conditions attached to the approval of the use by the [] Commissioners or [the ZHB], whichever is applicable. **If the establishment of the proposed use has not taken place or construction of the proposed use is not initiated and diligently pursued within 24 months of the approval of the . . . use by special exception where specified**, **the approval shall expire without written notice to the applicant**.

R.R. at 222a (emphasis added). However, the Commissioners approved the Agreement pursuant to the Consent Order. The Consent Order incorporated the Stipulation, which expressly provided, in relevant part:

> [**Penn**] **Township will issue all required permits**, **approvals**, authorizations[,] and licenses necessary to construct, establish, develop, drill, complete, turn-to-sales, and operate the unconventional well[] at the . . . Draftina, . . . well pad[] . . . **including** . . . **final land development plan approvals**[,] **provided that the plans meet the objective criteria of** [**Penn**] **Township**[**'s**] **existing** [**SALDO**] **and the Stormwater Ordinance**[.]

R.R. at 15a (emphasis added). Clearly, there is no mention of any other Zoning Ordinance generally, nor the Zoning Permit Ordinance specifically. Accordingly, Apex was not required to comply with Section 190-907 of the Zoning Ordinance in order to receive final plan approval.

5

Moreover, Appellants' argument that the special exception permit had expired before Penn Township and Apex submitted the Agreement is counterintuitive to the Consent Order's intent, as reflected in the Stipulation: "Under the Consent [Order], [Penn] Township shall issue the special exception permits for . the Draftina [well pad] . . . based on Apex's Applications and the record developed at the ZHB . . . ." *Id*. As the trial court explained:

> [T]he [S]tipulation that forms the basis of the Consent Order was approved by the Commissioners and the ZHB at properly published and noticed hearings held in December 2016. Protect PT participated in these public meetings. Protect PT did not take an appeal per the [Pennsylvania Municipalities Planning Code[6]] of the final actions of the Commissioners or the ZHB approving the [S]tipulation[]. Protect PT did not intervene in the federal action. The issuance of the permits and the construction of the [Draftina] well pad are now foregone conclusions. Even if th[e trial] court did find that the special exception approval is void, the special exception permit must be reissued per the Consent Order.

Trial Ct. Op. at 10. This Court finds no error in the trial court's reasoning. Because the special exception was granted pursuant to the Consent Order, and the Agreement regarding the revised land development plan was also approved pursuant to the Consent Order, Section 190-907 of the Zoning Ordinance does not apply. Accordingly, Apex's special exception approval did not expire, and the Commissioners properly approved the Agreement for the Draftina well pad.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Protect PT, Brian Reisz, and  :
Carole Reisz,  :
               Appellants  :
   :
   :
          v.  :
   :
Township of Penn,  :
Board of Commissioners of the  :
Township of Penn, and  :   No. 1560 C.D. 2024
Apex Energy (PA), LLC  :

## O R D E R

AND NOW, this 10th day of December, 2025, the Westmoreland County Common Pleas Court's October 23, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge